PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DOMINGO HERNÁNDEZ GONZÁLEZ, Defendant and Appellant.

No. 4976.   Argued February 16, 1933.—Decided February 20, 1933.

A. *García Ducós* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

Domingo Hernández González was charged with a violation of section 29 of the Internal Revenue Act of Puerto Rico, as amended on August 20, 1925 (Session Laws, p. 610), committed in the following manner:

"That on January 13, 1932, in the ward of Cuchillas, Moca, . . . (he) then and there, maliciously and wilfully had in his possession, custody, and under his control, as owner, a still capable of distilling alcohol for medicinal, industrial, scientific, or sacramental purposes, mounted, and that the said defendant Domingo Hernández González then and there had not registered the same in the office of the Treasurer of Puerto Rico, by signing before the said Treasurer and delivering to him for filing a written statement showing the particular place where said still is located or stored. . ."

The defendant filed the following demurrer to the complaint:

"That the court has no jurisdiction since section 29 of the Internal Revenue Act (No. 85) of 1925 is unconstitutional and void because: (*a*) it does not give citizens a clear opportunity to comply with the same; (*b*) it is absurd in practice, impossible to comply with, and indefinite; and (*c*) it does not provide an adequate proceeding for the registration of the still."

The court overruled the demurrer and after the evidence was heard, it sentenced the defendant to a month's imprisonment in jail and to pay the costs.

Feeling aggrieved by that judgment, the defendant appealed to this Supreme Court, and has assigned in his brief as an only error the action of the lower court in holding that it had jurisdiction to entertain the cause.

The appellant argues the points which he stated in his demurrer, citing cases which establish well-recognized principles with respect to due process of law, but which in truth do not support his contentions.

The statute involved reads as follows:

"Section 29.—Every person having in his possession or custody or under his control in any form whatever, whether as owner, lessee, depositary, custodian or otherwise, any still, mounted or unmounted, capable of distilling alcohol for medicinal, industrial or scientific purposes, shall register the same in the office of the Treasurer of Porto Rico by signing and filing with said Treasurer a written statement showing the particular place where such still is located or stored, the kind of still, its total capacity, the name of the owner thereof, his place of residence, a sketch of the still and the purposes for which said still has been used, is being used or is intended to be used, and upon the demand of any duly authorized revenue officer, he shall allow unrestricted access to said apparatus for purposes of inspection. Said stills shall be kept in places not used as private dwellings. Every person who fails to register any still in his possession or custody or under his control in any form, or who prevents or obstructs the free inspection thereof by any internal-revenue agent, shall be guilty of a misdemeanor. And every unregistered still shall be seized by the Treasurer of Porto Rico or by his agents, and by him confiscated and sold for the benefit of The People of Porto Rico, or destroyed if he deems it advisable."

A mere reading of the above enactment is sufficient to conclude that citizens may comply with it without difficulty, if they wish to obey its letter as well as its spirit.

The power of the People through its Legislature to prescribe rules governing the possession of apparatus for distilling alcohol and to punish violations of such rules, as well

as to seize, confiscate, and sell said apparatus, is clear. The fact that the time for registration is not fixed does not render the statute void.

Every person "having in his possession or custody or under his control in any form whatever, whether as owner, lessee, depositary, custodian or otherwise, any still capable of distilling alcohol" for the purposes specified, is required to register it in the office of the Treasurer of Puerto Rico. How? By signing and filing with the said Treasurer the statement which the statute itself provides. When? The statute does not expressly say, but its clear and definite provisions show that this must be done from the instant in which possession is acquired and within such reasonable time as may be necessary to perform that duty.

The Organic Act creates the office of Treasurer and determines its functions. The Political Code and other statutes specify them. The department which the Treasurer directs is located in San Juan, with officers stationed in all of the towns of the Island. Any person who wishes to acquire and operate a still can surely obtain from these officers all of the data necessary for acting properly, without incurring in liability.

Since the only error assigned is nonexistent, the judgment appealed from must be affirmed.